**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**CV 07        4472**

-------------------------------------------------------x

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

        v.

BAYVILLE FIRE COMPANY,
INCORPORATED VILLAGE OF BAYVILLE,
VILLAGE OF MILL NECK, and
INCORPORATED VILLAGE OF CENTRE
ISLAND,

        Defendants.

-------------------------------------------------------x

CIVIL ACTION NUMBER

BLOCK COMPLAINT

JURY TRIAL DEMANDED

POLLAK, M.J

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 26 2007 ★
BROOKLYN OFFICE

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621 et seq., to correct unlawful employment practices on the basis of age and to provide appropriate relief to Joseph Sanzoverino and other similarly situated employees of Defendant Bayville Fire Department, which is the fire department for Defendants Incorporated Village of Bayville, Village of Mill Neck, and Incorporated Village of Centre Island. The Equal Employment Opportunity Commission ("EEOC") alleges that Defendants refused to allow Mr. Sanzoverino and other similarly situated employees to accrue credit towards a "service award benefit" in the Bayville Fire Department Length of Service Award Program because of their age, over 65.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the

Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Section 16(c) of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. § 216(c).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of New York.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. §626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, the Incorporated Village of Bayville ("Bayville") has continuously been a political subdivision of the State of New York.

5. At all relevant times, Bayville has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. §630(b).

6. At all relevant times, Bayville has continuously been doing business in the State of New York and the County of Nassau, and has continuously had at least 20 employees.

7. At all relevant times, Bayville has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§630(b), (g) and (h).

8. At all relevant times, the Village of Mill Neck ("Mill Neck") has continuously been a political subdivision of the State of New York.

9. At all relevant times, Mill Neck has continuously been an employer within

the meaning of Section 11(b) of the ADEA, 29 U.S.C. §630(b).

10. At all relevant times, Mill Neck has continuously been doing business in the State of New York and the County of Nassau, and has continuously had at least 20 employees.

11. At all relevant times, Mill Neck has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§630(b), (g) and (h).

12. At all relevant times, the Incorporated Village of Centre Island ("Centre Island") has continuously been a political subdivision of the State of New York.

13. At all relevant times, Centre Island has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. §630(b).

14. At all relevant times, Centre Island has continuously been doing business in the State of New York and the County of Nassau, and has continuously had at least 20 employees.

15. At all relevant times, Centre Island has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§630(b), (g) and (h).

16. At all relevant times, Defendant Bayville Fire Department has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. §630(b).

17. At all relevant times, the Bayville Fire Department has continuously been doing business in the State of New York and the County of Nassau, and has continuously had at

3

least 20 employees.

## CONCILIATION

18.     Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. §626(b).

## STATEMENT OF CLAIMS

19.     Since at least July 1, 1994, and continuing since, the Bayville Fire Department, Bayville, Mill Neck, & Centre Island (collectively "Defendants") have engaged in unlawful employment practices in violation of Section 4(a) of the ADEA, 29 U.S.C. §623(a).

20.     The Bayville Fire Department is the fire department for Bayville, Mill Neck, and Centre Island.

21.     Pursuant to New York State law, fire districts and/or departments may establish a "Length of Service Award Program" ("LOSAP") in which volunteer firefighters earn "service award credit" toward a "service award," a benefit payable when firefighters retire. New York General Municipal Law §§214-219A.

22.     A LOSAP can only be adopted, amended, and/or terminated by a referendum of the voters of each community covered by the fire department and/or fire district.

23.     Pursuant to state law, fire districts and/or departments adopting a Service Award Program must establish an "entitlement age" at which firefighters become eligible for benefits; the entitlement age cannot be earlier than age 55 or later than the age at which the participant can receive an unreduced benefit under Title II of the Social Security Act, i.e., age 65. New York General Municipal Law §215(4).

4

24. Prior to July 1, 1994, the voters of Bayville, Mill Neck, and Centre each approved referenda adopting a LOSAP for Bayville Fire Department firefighters (the "Bayville Fire Department LOSAP").

25. Since at least July 1, 1994, the entitlement age for the Bayville Fire Department LOSAP is age 65.

26. Since at least before July 1, 1994, active volunteer firefighters with the Bayville Fire Department age 65 and older, including but not limited to Joseph Sanzoverino, cannot earn service award credit in the Bayville Fire Department LOSAP, because of their age, in violation of the ADEA.

27. The effect of the practices complained of in paragraphs 19 through 26 above has been to deprive Joseph Sanzoverino and other similarly situated individuals age 65 and older of equal employment opportunities and otherwise adversely affect their eligibility to receive employee benefits because of their age.

29. The unlawful employment practices complained of in paragraphs 19 through 26 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. §626(b).

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Bayville Fire Department, Bayville, Mill Neck, & Centre Island, their officers, successors, assigns and all persons in active concert or participation with it, from discriminating against employees age 65 and over on the basis of age, and any other employment practice which discriminates on the basis of age.

B. Order the Bayville Fire Department, Bayville, Mill Neck, & Centre Island

to institute and carry out policies, practices and programs which provide equal employment opportunities and benefits for older individuals, and which eradicate the effects of their past and present unlawful employment practices.

        C.      Grant an order requiring the Bayville Fire Department, Bayville, Mill Neck, & Centre Island to desist and refrain from the practice of refusing to allow volunteer firefighters age 65 and older from becoming members of the Bayville Fire Department LOSAP and refusing to allow volunteer firefighters age 65 and older to accrue credit toward a service award.

        D.      Grant a judgment requiring the Bayville Fire Department, Bayville, Mill Neck, & Centre Island to award volunteer firefighters affected by Defendants' illegal policies credit toward a service award in an appropriate amount to be determined at trial.

        E.      Grant a judgment requiring the Bayville Fire Department, Bayville, Mill Neck, & Centre Island to pay an appropriate service award in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest, to retired volunteer firefighters whose service awards were denied or reduced as a result of the acts complained of above, including but not limited to Joseph Sanzoverino.

        F.      Order the Bayville Fire Department, Bayville, Mill Neck, & Centre Island to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of their unlawful practices, including but not limited to service award credit for Joseph Sanzoverino and other similarly situated employees age 65 and older.

        G.      Grant such further relief as the Court deems necessary and proper in the

public interest.

    H. Award the Commission its costs of this action.

         Respectfully submitted,

         Ronald S. Cooper
         General Counsel

         James L. Lee
         Deputy General Counsel

         Gwendolyn Young Reams
         Associate General Counsel

         EQUAL EMPLOYMENT OPPORTUNITY
          COMMISSION
         1801 L Street, NW
         Washington, D.C. 20507

         */s/ Elizabeth Grossman*
         Elizabeth Grossman
         Regional Attorney

         */s/ Lisa Sirkin*
         Lisa Sirkin
         Supervisory Trial Attorney

         */s/ Michael J. O'Brien*
         Michael J. O'Brien (MOB-6409)
         Senior Trial Attorney

         EQUAL EMPLOYMENT OPPORTUNITY
          COMMISSION
         New York District Office
         33 Whitehall Street, 5th Floor
         New York, New York 10004
         tel: 212-336-3694
         fax: 212-336-3623
         e-mail: michael.obrien@eeoc.gov